United States District Court
Southern District of Texas
**ENTERED**
March 12, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| LESLYE MALLARD, *et al.*, | § | |
| | § | |
| Plaintiffs. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00219 |
| | § | |
| STACY GAUTREAUX, *et al.*, | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Defendants Stacy Gautreaux and Burner Fire Control, Inc. have filed a Motion for Leave to Designate John Doe as a Responsible Third Party. Dkt. 19. Defendants seek to designate an unknown dog owner as a responsible third party for "the criminal act that caused or contributed to Plaintiffs' alleged injuries." *Id.* at 2. Plaintiffs Leslye Mallard and Walter Hodges oppose the motion, arguing that Defendants "offer no facts showing a reasonable probability of a criminal violation." Dkt. 20 at 1. For the reasons identified below, the motion for leave is denied.

### BACKGROUND[1]

This case arises from a car accident that occurred on February 16, 2024, in Galveston County, Texas. Plaintiffs were driving on the Gulf Freeway when they stopped for a dog in the road. Plaintiffs' vehicle was then struck from behind by Gautreaux's vehicle, which Gautreaux was operating in the course and scope of his employment with Burner. In the operative complaint, Plaintiffs assert a negligence cause of action against Gautreaux and further claim that Burner is liable for Gautreaux's negligence under a respondeat superior theory.

---

[1] I recount the background as set forth in Plaintiffs' First Amendment Complaint, which is the operative pleading. *See* Dkt. 17.

Defendants now move to designate Doe as a responsible third party pursuant to § 33.004(j) of the Texas Civil Practice and Remedies Code, alleging that the collision between Plaintiffs' and Gautreaux's vehicles was solely caused by Doe, an unknown dog owner, who "permitted, allowed, and/or caused the dog to run at large within the city limits on a public highway in violation of Texas Health & Safety Code §822.012." Dkt. 19 at 2. Section 822.012 creates criminal penalties for owners who allow dogs to run at large whom they know to be "accustomed to run, worry, or kill livestock, domestic animals, or fowls." Tex. Health & Safety Code § 822.012(a).

## ANALYSIS

### A.   DESIGNATING AN UNKNOWN PERSON AS A RESPONSIBLE THIRD PARTY UNDER § 33.004(j)

Under Texas law, the designation of responsible third parties is governed by Texas Civil Practice and Remedies Code § 33.004. If a person is designated as a responsible third party, that person is to be included in the list of parties the jury may consider for allocation of responsibility for Plaintiffs' damages. See Tex. Civ. Prac. & Rem. Code § 33.003(a)(4). Technically speaking, a responsible third party "is not really a 'party,' and he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability." David W. Holman, *Responsible Third Parties*, 46 S. Tex. L. Rev. 869, 870 (2005) (quoting Black's Law Dictionary 1010, 1180 (5th ed. 1979)). Nevertheless, designation of a responsible third party can dramatically impact the amount a plaintiff recovers in a lawsuit because a defendant "is liable to a claimant only for the percentage of the damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed." Tex. Civ. Prac. & Rem. Code § 33.013(a).

Section 33.004(j) provides the procedure for designating unknown parties who are alleged to have committed criminal acts:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the

defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

    (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

    (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

    (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(j).

In other words, to designate an unknown person as a responsible third party, a defendant must allege (1) that an unknown person committed a criminal act that was a cause of the injury and (2) all identifying characteristic of the unknown person. *See id.* If a defendant fails to satisfy these requirements, it cannot designate an unknown person as a responsible third party. *See In re Gonzales*, 619 S.W.3d 259, 262 (Tex. 2021) (holding that when a litigant fails to "timely and adequately satisfy" the requirements of § 33.004(j), the trial court is prohibited from granting leave to designate an unknown person as a responsible third party).

**B.**    **DEFENDANTS FAIL TO SATISFY § 33.004(j)'S PLEADING REQUIREMENTS**

Defendants seek leave to designate Doe as a responsible third party, claiming that Doe committed a crime "under Texas Health and Safety Code § 822.012 by permitting his dog to run freely when said dog was known to run and worry." Dkt. 19 at 4. Yet, Defendants have not satisfied § 33.004(j)'s pleading requirements because they do not allege facts sufficient for the court to determine that there is a reasonable probability that the act of an unknown person was criminal. The live pleading contains no facts suggesting that the dog in question was owned by anyone, much less facts suggesting that said unidentified dog owner possessed the requisite knowledge for criminal liability under § 822.012.

First, § 822.012 imposes criminal liability only on an "owner, keeper, or person in control of a dog." Tex. Health & Safety Code § 822.012(a). But nothing in the record suggests that any person owned, kept, or controlled the dog in question. *See In re J & R Multifamily Grp. Ltd.*, No. 01-23-00323-CV, 2024 WL 371107, at *4 (Tex. App.—Houston [1st Dist.] Feb. 1, 2024, no pet. h.) ("In considering whether a defendant has pleaded sufficient facts under section 33.004(j), a trial court may consider those facts alleged in the answer and in the motion for leave to designate the unknown person."). Defendants allege only that "Gautreaux observed an unleashed dog roaming freely along the right-hand side of the highway." Dkt. 19 at 1. There are no other factual allegations about the dog that would distinguish the dog as a pet versus a stray. For example, there are no allegations that the dog had been groomed or that the dog wore tags or a collar. Defendants must allege facts suggesting that the dog was owned *by someone* before I can even begin to assess whether said owner committed a criminal act.

This case stands in stark contrast to other responsible third party designation cases, where, although some facts were undeveloped, the pleadings still established the *existence* of an unknown person who allegedly committed criminal the act in question. For example, § 33.004(j)'s pleading standard was satisfied where a crash report described conduct by an unknown pickup truck driver—whose existence was not disputed—who failed to control his speed, struck the plaintiff's vehicle, and caused the plaintiff to veer into opposite lane. *See Phillips v. Super Serv., LLC*, No. CV H-14-0950, 2014 WL 12599407, at *2 n.1 (S.D. Tex. July 25, 2014). Here, nothing in the record suggests that Doe even exists, as none of the facts pleaded suggest dog ownership. The dog could just as easily have been a stray, which would mean there was no owner, keeper, or person in control of the dog to whom criminal liability could attach under § 822.012.

Second, Defendants' assertion that the dog "was known to run and worry" is a bare conclusory statement unsupported by any "facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person

was criminal." Tex. Civ. Prac. & Rem. Code § 33.004(j)(1). Granted, the crash report states that the dog ran into traffic. *See* Dkt. 19-1 at 3. But without any indication that the dog was owned by anyone, it is difficult to infer that some unidentified owner knew  that the dog "is accustomed to run, worry, or kill livestock, domestic animals, or fowls," as required to establish criminal liability. Tex. Health & Safety Code § 822.012(a).

Finally, Defendants have pleaded no identifying characteristics of Doe whatsoever: no physical description, no vehicle, no address, and no indication that any witness observed an owner in the vicinity of the dog. Accordingly, Defendants' motion must be denied. *See In re Gonzales*, 619 S.W.3d at 264 (holding that "the trial court abused its discretion by granting [defendant]'s motion for leave to designate John Doe as an unknown responsible third party" where the defendant "did not . . . adequately satisfy subsection (j)'s pleading requirements.").[4]

### CONCLUSION

For the reasons discussed above, Defendants' Motion for Leave to Designate John Doe as a Responsible Third Party (Dkt. 19) is denied without prejudice.

SIGNED this _____12ᵗʰ_____ day of March 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] In the event I determine Defendants have failed to satisfy § 33.004(j)'s pleading requirements, Defendants ask me to allow them to replead. The Docket Control Order provides an April 17, 2026 deadline to file amended pleadings. *See* Dkt. 13 at 1. Defendants are free to amend their answer to bulk up their factual allegations, and file another motion to designate a responsible third party. As they are currently pleaded, however, Defendants' allegations are insufficient and I would abuse my discretion if I granted Defendants' motion.